IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-CR-63-F-1

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>)<br>vs. )<br>)<br>KORTNE SHAPIRO TALIAFERRO )<br>MELVIN, )<br>       Defendant. )<br>)<br>_____ ) | **PRELIMINARY ORDER OF FORFEITURE** |

Before the court is the Government's Motion for Issuance of Order of Forfeiture pursuant to Rule 32.2(b) of the Federal Rules of Criminal Procedure.[1] [DE 24].

On March 9, 2016, Defendant was charged in a single-count indictment with violation of the Gun Control Act, 18 U.S.C. §§ 18 U.S.C. § 922(g)(1), 924. The indictment's forfeiture notice identifies as forfeitable property a Beretta .22 caliber Model U22 (serial number R80914) and associated ammunition. On June 6, 2016, Defendant entered a straight up plea to that charge. Defendant's sentencing hearing is scheduled for August 30, 2016.

The firearm and ammunition are part and parcel of the offense to which Defendant pled guilty. By virtue of Defendant's guilty plea, the court finds the United States "has established the requisite nexus between the property and the offense"[2] and is therefore entitled to possession of said property pursuant to 18 U.S.C. § 924(d)(1).[3]

---

[1]     This civil forfeiture may be pursued in this criminal proceeding by virtue of 28 U.S.C. § 2461(c).

[2]     FED. R. CRIM. P. 32.2(b)(1)(A).

[3]     18 U.S.C. § 924(d)(1) provides in relevant part that "[a]ny firearm or ammunition involved in or used in any knowing violation of 18 U.S.C. § 924 . . . shall be subject to seizure and forfeiture . . . ."

Accordingly, it is ORDERED as follows:

(1) The Government's motion [DE 24] is ALLOWED;

(2) The United States is authorized to seize the above-stated property, and that property is forfeited to the United States for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853(n), as allowed by Fed. R. Crim. P. 32.2(b)(3);

(3) The Clerk of Court is DIRECTED to incorporate a reference to this Preliminary Order of Forfeiture in the applicable section of the Judgment in a Criminal Case;[4]

(4) The United States shall publish notice of this Order and of its intent to dispose of the property in such manner as the Attorney General or the Secretary of Treasury directs, by publishing and sending notice in the same manner as in civil forfeiture cases, as provided in Supplemental Rule G(4);[5]

(5) Any person other than Defendant, having or claiming any legal interest in the subject property must file a petition with the court within 30 days of the publication of notice or of receipt of actual notice, whichever is earlier. The petition must be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the subject property, and must include any additional facts supporting the petitioner's claim and the relief sought;[6] and

(6) Upon adjudication of all third party interests, the court shall enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853, as required by Fed. R. Crim. P. 32.2(c)(2).

SO ORDERED.

This the 23rd day of August, 2016.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge

---

[4] *See* FED. R. CRIM. P. 32.2(b)(4)(B).

[5] *See* 18 U.S.C. § 853(n)(1).

[6] *See* 18 U.S.C. § 853(n)(2)-(3).